UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JIMMIE D. MILLER,

        Plaintiff,

  v.                                   CAUSE NO. 1:23-CV-57-DRL-SLC

DAVID J. GLADIEUX,

        Defendant.

## OPINION AND ORDER

Jimmie D. Miller, a prisoner without a lawyer, filed a vague complaint about the conditions of confinement at the Allen County Jail. ECF 1. His complaint appears to mix allegations concerning different times he was detained at the jail. On the one hand, he references being detained during the period at issue in the class action *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098, at *5 (N.D. Ind. decided Mar. 31, 2022) ("The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates the minimal civilized measure of life's necessities." (quotation marks omitted)). ECF 1 at 2. On the other hand, he complains about conditions during his current detention that began on January 23, 2023. *Id.* at 4. It is unclear whether the events described in the complaint took place during his first period of detention or his second, and the differing time periods affect the analysis of whether the allegations state a claim and whether the claims are related.

As it stands, the complaint does not state a claim against Sheriff David J. Gladieux. The conditions at the Allen County Jail have changed in the ten months between when the summary judgment order was entered in the *Morris* class action and when Mr. Miller's second detention began. Mr. Miller does not allege anything about the current state of the jail's population, nor does he connect Sheriff Gladieux personally to either the unsanitary conditions he describes or to the two acts of violence that he says occurred to him. Sheriff Gladieux can be sued based on a jail policy that caused Mr. Miller's injuries or based on the Sheriff's own personal involvement in the alleged constitutional violations. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). The complaint alleges neither. Therefore, Mr. Miller needs to clarify when the events of the complaint took place and why Sheriff David J. Gladieux may be held responsible for them.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Miller may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jimmie D. Miller until **March 27, 2023**, to file an amended complaint; and

(2) CAUTIONS Jimmie D. Miller if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 23, 2023           *s/ Damon R. Leichty*
                            Judge, United States District Court