UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JIMMIE D. MILLER,

    Plaintiff,

    v.       CAUSE NO. 1:23-CV-57-DRL-SLC

DAVID J. GLADIEUX,

    Defendant.

OPINION AND ORDER

Jimmie D. Miller, a prisoner without a lawyer, filed a complaint that the court determined did not state a claim because it mixed allegations about different times he was detained at the Allen County Jail and did not sufficiently connect any of the allegations to Sheriff David J. Gladieux, the named defendant. ECF 4. Mr. Miller filed an amended complaint in response to the court's order. ECF 5.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Both the original and the amended complaint refer to the class action *Morris v. Sheriff of Allen County*, No. 1:20-CV-34-DRL, 2022 WL 971098, 5 (N.D. Ind. decided Mar.

31, 2022), in which the court found at summary judgment that certain conditions of confinement at the Allen County Jail violated the Eighth and Fourteenth Amendments to the Constitution: "The overcrowding problem at the jail—which in turn has spawned an increased risk of violence, unsanitary and dangerous conditions in cells, insufficient recreation, and classification difficulties—has deprived this class of inmates 'the minimal civilized measure of life's necessities.'" *Id.* at 5 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The court entered a permanent injunction to address the overcrowding, lack of sufficient staffing and recreation, and inadequate supervision of prisoners, and it continues to monitor the remediation of the unconstitutional conditions. *Id.* at 17. Mr. Miller was told that he could not rely on the findings in the class action for claims related to his current detention, which began in January 2023, because the conditions at the jail have changed in the ten months between when the summary judgment order was entered and when Mr. Miller's second detention began. ECF 4 at 2.

In his amended complaint, Mr. Miller focuses on two aspects of his current confinement: inadequate sanitation and the mixing of convicted and nonconvicted inmates. However, he does not allege any facts to support an allegation that the jail is currently overcrowded, so he cannot claim these conditions were caused by that. He must instead identify another jail policy that could account for these conditions or identify a defendant who was personally involved in the alleged violations.

Mr. Miller alleges that he has been attacked twice at the jail, and both times he was attacked by inmates who had been convicted. He contends that the jail impermissibly mixes convicted and nonconvicted inmates. However, there is no constitutional

2

prohibition to mixing convicted and nonconvicted inmates. *See Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988) ("Martin further insists that pretrial detainees should not be lodged with convicted inmates, and that his placement within the Marshall County jail was therefore unacceptable. . . . [C]lassification of inmates, whether or not desirable, is not a constitutional requirement."). Rather, the Constitution requires jails to take steps to keep pretrial detainees safe. *See Kemp v. Fulton Cnty.*, 27 F.4th 491, 494 (7th Cir. 2022) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). A pretrial detainee states a failure to protect claim when he alleges:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id*. at 496 (emphasis omitted) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)). As to the second element, the law equates "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). The third element "requires only that the defendant's conduct be objectively unreasonable." *Kemp*, 27 F.4th at 497. Overall, reasonableness "must be determined in light of the totality of the circumstances." *Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020).

Here, neither of the attacks Mr. Miller describes suggest Sheriff Gladieux could be held liable for them. In the first, Mr. Miller explains that when he first entered the jail his medication made him sleep a lot. While he was sleeping, two people approached him; one put his hands around Mr. Miller's throat and the other held him by his feet to yank him off his bunk. They took his hygiene and then punched him because he had nothing else to steal. Less than a week later, a different man woke him up, calling him by the wrong name, and then punched him multiple times, calling him a "snitch ass bitch." ECF 5 at 3. Other than relaying that the attackers were convicted inmates, Mr. Miller makes no allegation to connect the attacks to a substantial risk of harm that the Sheriff could have prevented.

Next, Mr. Miller alleges that the toilets and the vents in the jail are unconstitutionally unsanitary. He says the toilets are covered in fecal matter. Although the correctional officers occasionally spray the toilets, he contends the spray does not properly clean them. Nor, he contends, is he provided with brushes, towels, or gloves to properly clean them himself. Mr. Miller alleges the vents in his cell are covered with built-up dirt and grime from years of not being cleaned. He says the intake vents by the toilets are filled with burnt and charred things.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). Detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food, ventilation, sanitation, bedding, hygiene materials, and utilities. *Hardeman v. Curran*, 933 F.3d 816,

4

820 (7th Cir. 2019). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The allegations here do not establish that either the ventilation or toilets fell below constitutional standards.

Finally, Mr. Miller alleges that he was detained for one night in May 2022, and due to overcrowding, he had to sleep on the floor in an area where the lights remained on for 24 hours a day. He alleges this made him fatigued and stressed from not being able to get adequate rest. Sleeping for one night on the floor with this result does not state a constitutional claim. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Miller may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Jimmie D. Miller until **May 17, 2023**, to file an amended complaint; and

(2) CAUTIONS Jimmie D. Miller if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

April 13, 2023                                              *s/ Damon R. Leichty*
                                                                         Judge, United States District Court